UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT O. KINCHEN, JR.**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 11-1040**

**IRMA WILDE SHARP AND**                                  **SECTION "C"(4)**
**JULIE NICHOLAS SHARP**

### REPORT AND RECOMMENDATION

The captioned *pro se* and *in forma pauperis* civil action was referred to the undersigned United States Magistrate Judge "for hearing and for submission of Report and Recommendations."[1] A referral of an *in forma pauperis* action pursuant to 28 U.S.C. § 636(b) authorizes the Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (c), and § 1915e(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual Background

The *pro se* plaintiff, Robert O. Kinchen, Jr., filed this *in forma pauperis* civil complaint on May 6, 2011. Kinchen captions his complaint with the statement "MEASURING STRESS AS A DEGREE OF LIFE CHANGE THE SOCIAL REAJUSTMENT [sic] RATING SCALE." He also includes random phrases such as "FIRED AT WORK," "LIFE CHANGE," and "LIFE CHANGE

---

[1] Rec. Doc. No. 4.

UNITS."[2] He identifies two persons, Irma Wilde Sharp, the manager of Happy Wood Apartments, and Julie Nicolosi Sharp, a maintenance worker. He does not identify them to be defendants, although the Clerk of Court has identified them as such on the docket sheet. The only statement or allegation in the complaint reads as follows:[3]

> From studing [sic] this individuals for the last six months the issue arises about how much incarseration [sic] is appropiate [sic] at this time.
> Factors Pertaining
> A  fraud - five year's [sic]
> B  perjury - five years
> C.  bribery - extortion - depends on the amount and the length of time.

Because Kinchen is proceeding as a pauper, the Court is required to conduct its statutory frivolous review pursuant to § 1915(e)(2).

## II.   Standards of Review

The very statute allowing a plaintiff to proceed as a pauper also requires the Court to screen the complaint and dismiss it without service of process at any time when the Court makes a determination that the complaint is frivolous or fails to state a claim for which relief can be granted. With respect to *in forma pauperis* actions, federal law provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

---

[2] Rec. Doc. No. 1, p. 1.

[3] Rec. Doc. No. 1, p. 1.

Under § 1915(e)(2)(B)(i), courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). The screening and dismissal provisions of § 1915(e)(2) apply equally to prisoner and non-prisoner *in forma pauperis* cases. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Roberson v. Earle*, 378 Fed. Appx. 396 (5th Cir. 2010) (recognizing that review under § 1915(e)(2) applies to non-prisoners); *James v. Richardson*, 344 Fed. Appx. 982 (5th Cir. 2009) (same).

Under these provisions, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A claim lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

In considering dismissal under § 1915(e)(2)(B)(ii), a complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

## III. Analysis

Under the broadest reading to be afforded *pro se* complaints,[4] Kinchen's complaint is nonsensical, disorganized and contains incongruous phrases with no apparent purpose. Without some legal or factual basis for a claim, Kinchen's complaint must be dismissed as frivolous.

He also has failed to set forth any basis for a federal claim or this Court's jurisdiction. Under Fed. R. Civ. P. 8 notice pleading, even as applied to *pro se* pleadings, "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bremer v. Housing Authority of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999). "Some facts must be alleged that convince the court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). In *Iqbal*, the Supreme Court reiterated:

---

[4]*Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) (*pro se* complaints must be broadly construed).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (citations, quotation marks, and brackets omitted).

Kinchen has not provided any such statement of his claim or this Court's authority to consider it. A complaint which violates Rule 8 may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965); *see also*, *Shorts v. Allen*, No. 09-6793, 2009 WL 4110374, at *2 (E.D. La. Nov. 24, 2009); *Young v. Marriott Corp.*, No. 92-3318, 1992 WL 329531, at *1 (E.D. La. Oct. 29, 1992); *Dandridge v. United States Dept. of Justice*, No. 92-3209, 1992 WL 314980, at *1 (E.D. La. Oct. 19, 1992); *Lowery v. Hauk*, 422 F. Supp. 490, 491-92 (C.D. Cal. 1976). Kinchen's complaint does not set forth, nor does it discernibly contain, a comprehensible set of facts from which the court can find or broadly construe a federal claim for relief.

Kinchen has not presented a cognizable federal cause of action nor does his complaint set forth any basis for this court's jurisdiction as required under Fed. R. Civ. P. 8 and can be dismissed for that reason. *Bremer*, 1999 WL 298795, at *2. His complaint also should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted. *See Windsor v. Pan American Airways*, 744 F.2d 1187 (5th Cir. 1984) (plaintiff alleged airline crash and theft of plaintiff's copyrights and patents were result of conspiracy among Presidents Kennedy, Ford, Carter and Reagan and that the widow of Dr. Martin Luther King, Jr. was plotting to undermine the Roman Catholic Church).

**IV.	Recommendation**

It is therefore **RECOMMENDED** that Kinchen's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2) and otherwise for failure to comply with Fed. R. Civ. P. 8.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 9th day of February, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.